the plaintiff. In the absence of such knowledge the defendant company had a right to assume that such premiums were paid by the assured. Neither is there any evidence that prior to the payment of the amount due under the policy to the administratrix of the deceased in Boston the defendant company had notice of any claim of the plaintiff thereto.

MacLEAN, J. (dissenting). It would seem that the defendant, maintaining a branch office of its business in this city, equipping its agents here with blank forms for just such an application as was made by the plaintiff, who, at the time, paid 10 weeks' premiums in advance, continued payments of premiums during the life of the assured, and incurred additional expense in his interment, should have paid or be constrained to pay the proceeds of the policy to the plaintiff as the person equitably entitled thereto.

Judgment affirmed, with costs.

---

BIRNSTEIN v. STUYVESANT INS. CO.

(Supreme Court, Appellate Term. January, 1903.) ·

1. DIRECTION OF VERDICT—REQUEST OF BOTH PARTIES—PRESUMPTION.
   Where the direction of a verdict is requested by both parties, every reasonable intendment upon the facts will be indulged in favor of the party in whose behalf the verdict is directed.

2. FIRE INSURANCE—CANCELLATION OF POLICY—WHAT CONSTITUTES.
   A broker to procure insurance left a written memorandum with a company's agent for a policy on property on First avenue. A policy was issued covering property on Third avenue. On discovering the error, the broker secured another policy for property on First avenue. The company's clerk then requested him to return one of the policies, and thereupon the broker, by mistake, returned the First avenue policy. Held, that this did not amount to a cancellation of the insurance.

3. SAME—AUTHORITY OF BROKER.
   An insurance broker who has authority to procure insurance has no authority to surrender the policy and leave his client uninsured.

4. SAME—PROPERTY INSURED—PRESUMPTION OF COMPANY'S KNOWLEDGE.
   It will be presumed, in the absence of evidence, that an insurance company knows the location and nature of the business on which it issues a policy.

Appeal from City Court of New York, General Term.

Action by Max Birnstein against the Stuyvesant Insurance Company. From a judgment for plaintiff, entered on the direction of a verdict in his favor, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and GREENBAUM and CLARKE, JJ.

Gillender, Fixman & Mumford (Ezekiel Fixman and William W. Mumford, of counsel), for appellant.

Max D. Steuer and Abraham S. Levy, for respondent.

GREENBAUM, J. The action is brought upon a policy of fire insurance. Waldman, the broker who procured the insurance for

the plaintiff, testified that he originally applied to the defendant's agent for insurance on property situated at 1583 First avenue; that when he so applied it was on a written memorandum or slip referring to First avenue, which he left with defendant's agent; that a policy was issued by the defendant, and delivered to Waldman, covering property situated at 1583 Third avenue; that the latter, upon discovering the error of the defendant, made a new application for a policy on First avenue; that a new policy was issued on First avenue; that subsequently, when he paid the premium, the clerk of the defendant told him to bring back one of them, as "there are two there for Max Birnstein, and I made a mistake"; that thereupon Waldman, in turn, made a mistake on his part, and returned the policy covering the property stated therein to be situated at 1583 First avenue, which was the correct policy instead of the so-called Third avenue policy.

The testimony of the defendant only contradicts that of the plaintiff in so far as it shows that the application for the insurance was prepared by defendant's clerk in Waldman's presence or upon his dictation. In any event, however, in view of a direction having been asked by both parties, every reasonable intendment, upon the facts, in favor of the party in whose behalf the judge directed the verdict, will be assumed.

It is undisputed that a policy covering the cloak establishment of the plaintiff, and certain machinery and fixtures, at 1583 First avenue, was issued; that a fire took place in plaintiff's premises on First avenue; that plaintiff had no place of business on Third avenue; and there is no proof that any other person had such business there as was covered by both policies. The defense substantially relies upon a surrender of the First avenue policy, and a cancellation thereof by the defendant. If this defense is made out, there can be no recovery here.

The facts upon which the defendant relies to support its defense are that Waldman was the agent of the plaintiff; that, as such agent, he surrendered the First avenue policy; that upon such surrender it was canceled by the defendant; that defendant never made a survey of the premises, and hence did not know who occupied the Third avenue premises, nor for what purposes they were used; that the only policy in force, issued by the defendant in favor of the plaintiff, was the one covering the Third avenue premises.

The statement of the facts shows that the defendant in the first instance made a mistake in writing a memorandum for a policy covering Third avenue, and issuing a policy on those premises, notwithstanding the written pencil slip of Waldman called for a policy on First avenue, and that defendant knew that the intention of Waldman was, when he asked for a proper policy covering First avenue, to correct the mistake the defendant had made. It may therefore be assumed that the defendant knew that when Waldman, by mistake, surrendered the First avenue policy, he intended, in fact, to surrender the Third avenue policy; and, as already shown, the testimony of Waldman establishes the fact that defendant's agent asked for a return of the policies on account of the mistake.

To effectuate a legal surrender and cancellation, it is evident there

must be an intent of both parties shown, on the one hand, for a cancellation of the given policy, and, on the other, an acquiescence therein, followed by an actual cancellation, or such a state of facts must exist that a desire was expressed for a cancellation by one party through a mistake, if you please, and that the other, in ignorance of the mistake, acted thereupon and surrendered some rights. In this case, however, it cannot be said that either party intended that a cancellation be effected of the First avenue policy, and it is difficult to understand how any of the rights of the defendant were affected by the erroneous cancellation.

Again, unless the broker, Waldman, had authority to surrender, his act of surrender would not be binding upon the plaintiff. All that the testimony shows is that he had full authority to procure insurance in whatsoever company he chose. This authority he exercised. Having exercised it, his authority ceased. He had no authority to surrender the policy and leave the plaintiff uninsured, although he may have had the power to substitute other insurance if he saw fit to do so.

The policy on First avenue having been thus legally issued to the plaintiff, no one could surrender it to the defendant, other than the plaintiff himself or his duly authorized agent. In either aspect of the case, therefore, the policy on First avenue was never legally canceled, and was in full force and effect at the time of the fire, even though it was then in defendant's possession.

This conclusion is rendered more certain by the fact that, although it may be here assumed that no survey was ever made of the premises by any one representing the defendant, the law will presume that the defendant knew what it was insuring. In the absence of proof that it had no knowledge of the kind of business conducted on the premises on Third avenue (if, indeed, any business was there conducted), it must be assumed that the defendant was not led into believing that it was insuring the plaintiff for any of his effects situated on Third avenue, and therefore it was never intended, between the parties, to accomplish a surrender of the First avenue policy. The judgment must be affirmed, with costs.

Judgment affirmed, with costs. All concur.