liable for any debt of the partnership which she did not personally assume. Any liability of the partnership to John Babcock would belong to her as executrix, not to her individually. If the plaintiffs had sought contribution upon her guaranty which she signed as executrix, the case would present a very different question. Having signed the note, however, personally, with no standing as an individual to demand an accounting by the partnership, we are unable to discover any valid reason for relieving her from liability until an accounting by the partnership. We are of opinion, therefore, that the learned trial judge erred in holding such an accounting to be a condition precedent to the liability of defendant to contribute to the payment of this note.

The judgment should therefore be reversed and a new trial granted.

Judgment reversed and new trial granted, with costs to appellant to abide event. All concur, except KELLOGG, J., not voting.

BIRNSTEIN v. STUYVESANT INS. CO.

(Supreme Court, Appellate Division, First Department. May 8, 1903.)

1. FIRE POLICY—MISTAKE IN CANCELLATION—EFFECT AS TO LIABILITY OF COMPANY.

An insurance broker by mistake made application and had issued at the principal office of an insurance company a fire policy covering property on Third avenue, the property being in fact located on First avenue. On discovering his mistake, he made another application, and another policy was issued at the same office, correctly describing the location of the premises. The premium for the last-named risk was lower, owing to the difference in location. Subsequently, intending to return the policy describing the property as located on Third avenue, he by mistake returned the one correctly describing its location, which policy was duly canceled. A loss occurred, and the owner sued on the policy first issued. *Held*, that a verdict should have been directed for the company, as there had been no mistake on its part.

Van Brunt, P. J., and Laughlin, J., dissenting.

Appeal from Appellate Term.

Action by Max Birnstein against the Stuyvesant Insurance Company. From a determination of the Appellate Term of the Supreme Court (81 N. Y. Supp. 306), affirming a judgment of the General Term of the City Court affirming a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

W. W. Mumford and Ezekiel Fixman, for appellant.
Max D. Steuer, for respondent.

INGRAHAM, J. The action was brought to recover upon a policy of fire insurance, a copy of which is annexed to the complaint. By this policy the defendant insured the plaintiff for a term of one year from the 23d of July, 1900, against loss or damage by fire in an amount not exceeding $1,000, upon the "following described property,

while located and contained as described herein, and not elsewhere, to wit," $100 on furniture and fixtures, $850 on stock and materials as dealers in and manufacturers of cloaks and suits, and $50 on machinery, "all contained in or attached to the building or additions situate at number 1583 Third avenue, in the city of New York, borough of Manhattan." The complaint further alleges that on the 28th day of October, 1900, said furniture, etc., embraced and referred to in said policy of insurance were damaged and wholly destroyed by fire to the amount of $1,600, and the complaint demands judgment for the sum of $1,000. The answer admits that the defendant issued this policy of insurance as set forth in the complaint, but denies that the furniture, fixtures, cloaks, suits, and machinery embraced and referred to in said policy of insurance were either damaged or wholly destroyed by fire, or in any way affected by fire, and denies that the sum of $1,000, or any other sum, is now due and owing to the plaintiff from the defendant; and for a further and separate defense alleges that there has not, at any time during the life of the policy in said amended complaint set forth, been any destruction of or damage to goods by fire in the building or additions situate at 1583 Third avenue; and that the furniture, fixtures, cloaks, suits, and machinery embraced and referred to in the amended complaint herein and in said policy of insurance were neither damaged nor wholly destroyed by fire at any time while contained in or attached to the building or additions situate at 1583 Third avenue, in the city of New York. Upon these pleadings the case was brought on for trial. The counsel for the defendant then moved to amend the answer, to which motion the plaintiff assented, whereupon the court amended the answer by adding for a further and separate defense that the defendant, on or about the 23d day of July, 1900, issued its policy of insurance No. 266,899, which policy covered certain stock of furniture, fixtures, cloaks, suits, and machinery referred to in said policy of insurance, and located at 1583 First avenue, in the city of New York; and long before the date alleged in the amended complaint as the time of the fire set forth therein the plaintiff duly surrendered the said policy of insurance No. 266,899, so issued to him by the defendant on July 23, 1900, for cancellation, and did request it to cancel and terminate it; that by virtue of such surrender and request the said policy No. 266,899 was canceled, and this defendant did so agree to cancel such policy so issued to the plaintiff as aforesaid. This amendment having been allowed, the plaintiff's counsel asked to be allowed to amend the complaint by striking out the word "Third" and substituting in place thereof the word "First," so as to make the policy of insurance set forth in the complaint apply to property located at No. 1583 First avenue instead of 1583 Third avenue, as therein alleged. The trial then proceeded upon the pleadings as thus amended. The plaintiff proved the issuance by the defendant of the policy covering the property at the premises No. 1583 First avenue. This policy was, at the request of the plaintiff, produced by the defendant, and was admitted in evidence. It was also proved that before this policy was issued the policy annexed to the complaint was issued by the defendant upon property on the premises

No. 1583 Third avenue. These policies were the same in amount and in the character of the property insured, except that the property insured in the first policy was on premises No. 1583 Third avenue, while the property insured in the second policy was on the premises No. 1583 First avenue. In the first policy the machines were insured for $75 and the furniture and fixtures for $75, while in the second policy, covering the property upon First avenue, the furniture and fixtures were insured for $100 and the machines for $50. These two policies were both issued to the plaintiff, one on the 13th of July, 1900, covering the property at 1583 Third avenue, and the other, covering the property at 1583 First avenue, on July 23, 1900. Subsequently the policy covering the property upon First avenue was returned to the defendant by the broker upon whose application both policies had been issued, who stated that it was not wanted, and directed the defendant to cancel it. No premiums were paid upon the First avenue policy, whereupon the defendant received back the First avenue policy, and it was canceled. The policy upon 1583 Third avenue was retained by the plaintiff, and the premium thereon paid. The broker who obtained this insurance testified that he made application to the agent of the defendant for insurance for the plaintiff on the property at 1583 First avenue; that he received a policy of insurance from the defendant's agent on July 23, 1900; that, after receiving that policy, he discovered that it covered property at 1583 Third avenue, instead of 1583 First avenue; that he returned to the office of the defendant, and made another application for a policy for 1583 First avenue, which he received about July 23d from the company; that about two months after, when he went to pay the premium upon the policy, a clerk in the office of the defendant stated, "You have two policies; bring one back, because there are two for Max Birnstein," whereupon the insurance broker took the policy for First avenue back, and returned it to the company, and paid the premium on the Third avenue policy; that he made a mistake in this regard, intending to return the Third avenue policy, but in fact returned the First avenue policy, and requested the insurance company to cancel that policy, which they did, delivering the Third avenue policy to the plaintiff, who retained it in his possession up to the time of the trial. It was further proved that the plaintiff had a place of business at 1583 First avenue, and never had a place of business at 1583 Third avenue; that he requested Waldman, the broker, to obtain insurance for him upon the property on the premises No. 1583 First avenue, and subsequently received from Waldman the policy of insurance upon the property on Third avenue, and retained it in his possession until the trial; that the only policy ever received by the plaintiff was the policy covering the property in the building No. 1583 Third avenue; that he never received a policy from the defendant covering the property upon First avenue, and did not know that the policy of insurance that he had was made out for property on Third avenue until after the fire, supposing all the time that he had a policy upon the property on First avenue.

At the end of the plaintiff's case the defendant moved to dismiss the complaint upon the ground that the policy sought to be enforced

was canceled prior to the fire, and no premium had ever been paid thereon, which motion was denied, and the defendant excepted. The defendant then proved that Waldman, the broker, called at the company's office in July, 1900, and made an application for insurance on the property at No. 1583 Third avenue; that in pursuance of this application, which was reduced to writing by a clerk in the employ of defendant, there was a policy issued to the broker insuring the property at 1583 Third avenue; that subsequently the broker again called at the defendant's office, and made another application for a policy upon the property 1583 First avenue; that upon this application a policy was issued insuring the property upon 1583 First avenue, which policy was numbered 266,899, but which was subsequently returned as not wanted, and canceled by the insurance company; that the premium upon the Third avenue policy was $8 and the premium on the First avenue policy was $10, and it was the $8 upon the Third avenue policy that was paid; that the rate of insurance upon First avenue is higher than upon Third avenue on account of the difference in occupation and neighborhood; that the insurance was accepted at the principal office of the defendant, the rate depending upon the class of buildings, and how the buildings are occupied, as appeared from the insurance map; that an application for insurance comes through a branch office to the main office, the rate of insurance being fixed in the application, and the company determines whether to accept the risk or not; that in this case the application came for a risk upon First avenue, the amount of premium was fixed at $10, and it was that risk that the company accepted, and that policy thus issued was returned and canceled, and no premium was paid thereon. At the end of the defendant's testimony the defendant's counsel again moved to direct a verdict for the defendant upon the same ground, which motion was denied. The plaintiff also asked the court to direct a verdict for the plaintiff, which motion the court granted, and the jury thereupon found a verdict for the plaintiff for the amount claimed, to which the defendant excepted. There was no request to submit any question to the jury.

I think the defendant was entitled to the direction of a verdict. The evidence is undisputed that the risk was accepted and the policy issued at the principal office of the defendant. Assuming that the mistake upon the original application by which Third avenue was substituted for First avenue was a mistake of the defendant's agent at the branch office, the application that the defendant accepted was an application for insurance upon property contained in a Third avenue building, the premium was fixed for that insurance, and that policy was issued and accepted by the broker. Subsequently, without returning this policy to the defendant, another application was made for a policy covering property in a building on First avenue, the premium to be $10. That application was also accepted by the defendant, and the policy issued. There were thus issued by the defendant two policies, one affecting property in a building on First avenue, and the other affecting property in a building on Third avenue, at a different rate of premium. The broker returned the First

avenue policy to the insurance company, and told its agent to cancel it; and that policy was then marked "Canceled" on the application. He delivered the Third avenue policy to the plaintiff, and that policy was retained by the plaintiff, and the premium fixed for that policy paid. Assuming that there was a mistake on the part of the broker, there is not the slightest evidence to show that there was any mistake on the part of the defendant, or that the defendant understood that the policy that they canceled was the Third avenue policy, and not the First avenue policy. When the insured returned the policy to the defendant, and requested that it be canceled, the policy was without any act on the part of the defendant canceled (Crown Point Iron Co. v. Ætna Ins. Co., 127 N. Y. 608, 28 N. E. 653, 14 L. R. A. 147), and that cancellation could not be revoked without some notice to the defendant. The learned judge writing the opinion of the Appellate Term based the affirmance of the judgment upon the ground that, "to effectuate a legal surrender and cancellation, it is evident there must be an intent of both parties shown, on the one hand, for cancellation of the given policy, and, on the other, an acquiescence therein, followed by an actual cancellation"; that "in this case, however, it cannot be said that either party intended that a cancellation be effected of the First avenue policy." But we think that the delivery of the First avenue policy by the broker who had obtained the insurance to the company was evidence of an intent to cancel that policy, and, that evidence having been acted upon by the defendant, and that policy canceled, it is evidence that the company intended to cancel it; and the receipt by the plaintiff of the Third avenue policy, and its retention until after the fire, was an acquiescence in and ratification of the act of the broker in delivering the First avenue policy to the defendant to be canceled. Certainly, the defendant intended to cancel the policy that had been returned for cancellation. Its only knowledge of the situation was derived from the applications which it had received for the policies, with a return of the policy upon the First avenue property as not wanted. It accepted that return and canceled the policy. It certainly had a right to act upon a return of this policy as not wanted, and cancel it, and, having acted upon such a return, acquiesced in as it was by the plaintiff in accepting the other policy as the policy that he wanted, there was a legal cancellation of the policy, and that cancellation cannot be set aside, and the defendant held liable upon the canceled policy, without notice to the defendant, where no fraud or mutual mistake is shown.

The plaintiff is not aided by the evidence that persons representing themselves to be representatives of the insurance company called at his place of business in First avenue in relation to the policy, as there was no evidence that the persons who called there claiming to represent the defendant had any authority for that purpose; and the defendant's witnesses testify that no representative of the company was ever sent to make any examination of the property of the plaintiff covered by the insurance. But, assuming that representatives of the defendant did call at the premises on First avenue, there was an application for insurance upon the property in the First avenue

building, and, if such an examination on behalf of the defendant was made, it was made for the purpose of that application. The question is not as to whether the policy upon the First avenue property was issued, but whether or not that policy was returned to the defendant and canceled. That it was returned as not wanted by the broker who had obtained it, and the return accepted by the defendant, was not disputed; and there is certainly nothing to show that that cancellation was caused by any fraud or misrepresentation on the part of the defendant, or that there was any mistake of the defendant when it canceled that policy. If there had been no loss, and the defendant had claimed to recover the premium upon the canceled policy, I do not suppose that it would be seriously claimed that it would be entitled to recover; and its right to the premium was the consideration for the liability on the policy.

The cases cited by counsel for the respondent where a policy of insurance has been reformed have no application, for there was no mutual mistake or fraud; and no ground exists, in the absence of mistake or fraud, for either reforming the policy not returned or for re-establishing the canceled policy. The policy sued on was, on its face, a policy covering property on Third avenue. To entitle the plaintiff to recover under that policy, he was bound to prove that his property was injured in the building on Third avenue. He failed to prove that cause of action. There was no demand made for a reformation of the policy, nor did the court in which the action was tried have any jurisdiction to grant such a reformation. The action was not brought to recover upon the canceled policy, but upon the Third avenue policy, and the plaintiff was not entitled to recover upon that policy.

It follows that the determination of the Appellate Term must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

McLAUGHLIN, J., concurs. PATTERSON, J., concurs in result. VAN BRUNT, P. J., and LAUGHLIN, J., dissent.